### CRAPANZANO v. LEONE et al.

(Supreme Court, Appellate Term, First Department. December 6, 1912.)

SALES (§ 397*)—BILLS AND NOTES—EVIDENCE.

　　In an action on a note given in payment for a moving picture outfit, evidence *held* insufficient to show that the receipts did not average $200 per week, which the seller agreed they would do, so as to justify a rescission of the sale.

　　[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1136; Dec. Dig. § 397.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Gimmi Crapanzano against Joseph Leone, Sr., and another. Judgment for defendants, and plaintiff appeals. Reversed.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Abraham S. Weltfisch, of New York City, for appellant.

Locker & Locker, of New York City, for respondents.

LEHMAN, J. The plaintiff sues upon a verified complaint, based upon the nonpayment of a note made by one defendant and indorsed by the other defendant. The record fails to disclose whether any answer was ever filed, so that it is impossible to determine what the actual issues in the case are, except by an examination of the testimony given at the trial, and that testimony is so vague and confused that, so far as I can see, there is no basis for any possible decision in favor of the defendants, who admit the making of the note and that it has not been paid.

It appears undisputed that the note in suit is one of a series given in part payment of a moving picture business conveyed by the plaintiff to the defendant Joseph Leone, Sr. By the terms of the agreement the purchaser was allowed two weeks after he was given possession to determine whether the gross receipts of the business would average $200 a week, and if they failed to reach an average of $200 per week for two weeks the sale would not be consummated, and the payments made returned to the defendant. It is apparently the defendant's contention that the receipts did not average $200 per week, and that he therefore rescinded the sale. The record is bare of any definite proof on this point. The most favorable evidence for the defendants is the vague statement of a manager that the receipts for the first week were $230, and for the second week "about" $165. It seems to me that the word "about" is sufficiently indefinite to cover a deficit of $5, and the manager did not even have personal knowledge of the amount of the receipts. Since there was no evidence sufficient to authorize the trial justice to find that the receipts did not average $200 per week, it is unnecessary to consider whether the plaintiff conclusively showed either a waiver of the condition of the sale by the defendants, or a ratification after the condition was not complied with.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.